PJS:JJT:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 1:15-CR-00063 |
| | ) | |
| v. | ) | |
| | ) | (RAMBO, S.J.) |
| MICHAEL J. KMAN, JR., | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

## P L E A   A G R E E M E N T

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

### A.   Violation(s), Penalties, and Dismissal of Other Counts

1.   Guilty plea. The defendant agrees to plead guilty to Count 1

of the Indictment, which charges the defendant with a violation of Title

18, United States Code, Section 2251(a), production of child

pornography. The maximum penalty for that offense is imprisonment

for a period of thirty (30) years, a fine of $250,000, a maximum term of

supervised release of up to life, to be determined by the Court, which

shall be served at the conclusion or and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offenses charged in that count. After sentencing, the United States will move for dismissal of Counts 2 and 3. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge to which the defendant pleads guilty pursuant to this Agreement subsequently are vacated, set aside, or invalidated by the district court or appellate court. The defendant further agrees to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.   Mandatory Minimum Sentence. Count 1 carries a mandatory minimum period of imprisonment of fifteen (15) years.

3.    Term of Supervised Release. The defendant understands

that the Court must impose at least a five (5) year term of supervised

release in addition to any term of imprisonment, fine or assessment in

this case. In addition, the defendant understands that as a condition of

any term of supervised release or probation, the Court must order that

the defendant cooperate in the collection of a DNA sample if the

collection of a sample is so authorized by law.

4.    No Further Prosecution, Except Tax Charges. The United

States Attorney's Office for the Middle District of Pennsylvania agrees

that it will not bring any other criminal charges against the defendant

directly arising out of the defendant's involvement in the offense(s)

described above. However, nothing in this Agreement will limit

prosecution for criminal tax charges, if any, arising out of those

offenses.

## B.    Fines and Assessments

5.    Fine. The defendant understands that the Court may

impose a fine pursuant to the Sentencing Reform Act of 1984. The

willful failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement. Further, the defendant

-3-

acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

6. Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. Inmate Financial Responsibility Program. If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

-4-

8.    Special Assessment. The defendant understands that the Court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013. Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.    Collection of Financial Obligations. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)    to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b)    to submit to interviews by the Government regarding the defendant's financial status;

-5-

(c)     to submit a complete, accurate and truthful financial
        statement on the form provided by the Government to the
        United States Attorney's Office not later than 14 days
        following entry of the guilty plea;

(d)     whether represented by counsel or not, to consent to contact
        by and communication with the Government, and to waive
        any prohibition against communication with a represented
        party by the Government regarding defendant's financial
        status;

(e)     to authorize the Government to obtain the defendant's credit
        reports in order to evaluate the defendant's ability to satisfy
        any financial obligations imposed by the Court;

(f)     to submit any financial information requested by the
        Probation Office as directed and to the sharing of financial
        information between the Government and the Probation
        Office.

## C.     Sentencing Guidelines Calculation

10.     Determination of Sentencing Guidelines. The defendant
and counsel for both parties agree that the United States Sentencing

-6-

Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

11.     Acceptance of Responsibility–Three Levels. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

-7-

## D. Sentencing Recommendation

12. Specific Recommendation of Sentence. At the time of sentencing, the United States will recommend that Defendant be sentenced to the mandatory minimum period of imprisonment of fifteen (15) years.

13. Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the Court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without

-8-

approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e)     The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f)     The defendant be confined in a community treatment center, halfway house, or similar facility.

(g)     The defendant be placed under home confinement.

(h)     The defendant be ordered to perform community service.

(i)     The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j)     The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k)     The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

-9-

(l)     The defendant be denied certain federal benefits including
        contracts, grants, loans, fellowships and licenses.

(m)     The defendant be directed to pay any state or federal taxes
        and file any and all state and federal tax returns as required
        by law.

## E.   Victims' Rights and Restitution

14.     Victims' Rights.  The defendant understands that pursuant
to the Victim and Witness Protection Act, the Crime Victims' Rights
Act, the Justice for All Act, and the regulations promulgated under
those Acts by the Attorney General of the United States, crime victims
have the following rights:

(a)     The right to be reasonably protected from the accused;

(b)     The right to reasonable, accurate, and timely notice of any
        public court proceeding or any parole proceeding involving
        the crime, or of any release or escape of the accused;

(c)     The right not to be excluded from any such public court
        proceeding, unless the Court, after receiving clear and
        convincing evidence, determines that testimony by the

-10-

victim would be materially altered if the victim heard other
testimony at that proceeding;

(d)     The right to be reasonably heard at any public hearing in the
district court involving release, plea, sentencing, or any
parole proceeding. The defendant understands that the
victim's comments and recommendations at any of these
proceedings may be different than those of the parties to this
Agreement;

(e)     The reasonable right to confer with the attorney for the
Government in the case. The defendant understands that
the victim's opinions and recommendations given to the
attorney for the Government may be different than those
presented by the United States as a consequence of this
Agreement;

(f)     The right to full and timely restitution as provided for by
law. The attorney for the Government is required to "fully
advocate the rights of victims on the issue of restitution
unless such advocacy would unduly prolong or complicate
the sentencing proceeding," and the Court is authorized to

-11-

order restitution by the defendant including, but not limited
to, restitution for property loss, economic loss, personal
injury, or death;

(g)  The right to proceedings free from unreasonable delay; and

(h)  The right to be treated with fairness and with respect for the
victim's dignity and privacy.

15.  Restitution.  The defendant acknowledges that, pursuant to
the Mandatory Restitution Act of April 24, 1996, Title 18, United States
Code, Section 3663A, the Court is required in all instances to order full
restitution to all victims for the losses those victims have suffered as a
result of the defendant's conduct.  The defendant also agrees that the
Government will seek and the Court may impose an order of restitution
as to victims of the defendant's relevant conduct.  With respect to the
payment of restitution, the defendant further agrees that, as part of the
sentence in this matter, the defendant shall be responsible for making
payment of restitution in full, unless the defendant can demonstrate to
the satisfaction of the Court that the defendant's economic
circumstances do not allow for the payment of full restitution in the
foreseeable future, in which case the defendant will be required to make

-12-

partial restitution payments. The defendant understands and agrees
that the Government has the obligation and the right to pursue any
legal means, including but not limited to, submission of the debt to the
Treasury Offset Program, to collect the full amount of restitution owed
to the victim(s) in a timely fashion. Although the defendant may
reserve the right to contest the amount of restitution owed, the
defendant agrees to take all steps to facilitate collection of all
restitution, including submitting to debtor's exams as directed by the
Government. Towards this goal, the defendant agrees to waive any
further notice of forfeiture and agrees that the United States may, at its
sole election, elect to pursue civil and/or criminal forfeiture in the
amount of the victim restitution owed in this case, and the Court may
enter both a restitution order and a forfeiture judgment in the amount
of any unpaid restitution found by the Court to be due and owing at the
time of sentencing in this matter. The defendant consents to the filing
of any civil complaint or superseding information which may be
necessary to perfect a forfeiture order and further stipulates and agrees
that the defendant's guilty plea constitutes an admission to all matters
legal and factual necessary for entry of a forfeiture order in this case.

-13-

16.    The parties agree that any restitution payments obtained by

the United States or the victim will be applied by the United States to

reduce both the restitution obligation in this case and the amount of the

outstanding forfeiture order entered by the Court.  The parties further

agree that the Government will recommend that any assets recovered

through forfeiture proceedings be remitted to crime victims to reduce

the defendant's restitution obligation in this case.  The defendant

acknowledges that the making of any payments does not preclude the

Government from using other assets or income of the defendant to

satisfy the restitution obligations.  The defendant understands that the

amount of restitution calculated for purposes of Chapter 5 of the

Sentencing Guidelines might be different than the amount of loss

calculated for purposes of Chapter 2 of the Sentencing Guidelines.

17.    Restitution for Child Pornography Cases.  The defendant

agrees to allow the Court to determine the appropriate restitution based

on Title 18, United States Code, Section 2259 for identifiable victims in

the images of child pornography.

-14-

### F.   Information Provided to Court and Probation Office

18.   Background Information for Probation Office.  The
defendant also understands that the United States will provide to the
United States Probation Office all information in its possession which
the United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in this or
other offenses.

19.   Objections to Pre-Sentence Report.  The defendant
understands that pursuant to the United States District Court for the
Middle District of Pennsylvania "Policy for Guideline Sentencing" both
the United States and defendant must communicate to the Probation
Officer within fourteen (14) days after disclosure of the pre-sentence
report any objections they may have as to material information,
sentencing classifications, sentencing guideline ranges and policy
statements contained in or omitted from the report.  The defendant
agrees to meet with the United States at least five (5) days prior to
sentencing in a good faith attempt to resolve any substantive
differences.  If any issues remain unresolved, they shall be
communicated to the Probation Officer for inclusion in an addendum to

-15-

the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

20. Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

-16-

21.   <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G.   **Court Not Bound by Plea Agreement**

22.   <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement or any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for thirty (30) years, a fine of $250,000, a maximum term of supervised release of up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

23.    <u>No Withdrawal of Plea Based on Sentence or</u>

<u>Recommendations</u>.  If the Court imposes a sentence with which the

defendant is dissatisfied, the defendant will not be permitted to

withdraw any guilty plea for that reason alone, nor will the defendant

be permitted to withdraw any pleas should the Court decline to follow

any recommendations by any of the parties to this Agreement.

## H.    **Breach of Plea Agreement by Defendant**

24.    <u>Breach of Agreement</u>.  In the event the United States

believes the defendant has failed to fulfill any obligations under this

Agreement, then the United States shall, in its discretion, have the

option of petitioning the Court to be relieved of its obligations.  Whether

or not the defendant has completely fulfilled all of the obligations under

this Agreement shall be determined by the Court in an appropriate

proceeding at which any disclosures and documents provided by the

defendant shall be admissible and at which the United States shall be

required to establish any breach by a preponderance of the evidence.  In

order to establish any breach by the defendant, the United States is

entitled to rely on statements and evidence given by the defendant

during the cooperation phase of this Agreement.

-18-

25.  Remedies for Breach.  The defendant and the United States

agree that in the event the Court concludes that the defendant has

breached the Agreement:

(a)  The defendant will not be permitted to withdraw any guilty

plea tendered under this Agreement and agrees not to

petition for withdrawal of any guilty plea;

(b)  The United States will be free to make any recommendations

to the Court regarding sentencing in this case;

(c)  Any evidence or statements made by the defendant during

the cooperation phase will be admissible at any trials or

sentencings;

(d)  The United States will be free to bring any other charges it

has against the defendant, including any charges originally

brought against the defendant or which may have been

under investigation at the time of the plea.  The defendant

waives and hereby agrees not to raise any defense to the

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy or other similar grounds.

-19-

26.   Violation of Law While Plea or Sentence Pending.  The
defendant understands that it is a condition of this Plea Agreement
that the defendant refrain from any further violations of state, local or
federal law while awaiting plea and sentencing under this Agreement.
The defendant acknowledges and agrees that if the government receives
information that the defendant has committed new crimes while
awaiting plea and/or sentencing in this case, the government may
petition the Court and, if the Court finds by a preponderance of the
evidence that the defendant has committed any other criminal offense
while awaiting plea or sentencing, the Government shall be free at its
sole election to either:  (a) withdraw from this Agreement; or (b) make
any sentencing recommendations to the Court that it deems
appropriate.  The defendant further understands and agrees that, if the
Court finds that the defendant has committed any other offense while
awaiting plea or sentencing, the defendant will not be permitted to
withdraw any guilty pleas tendered pursuant to this Plea Agreement,
and the government will be permitted to bring any additional charges
which it may have against the defendant.

-20-

## I.    Registration, Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

27.    Sex Offender Registration (Megan's Law/Adam Walsh Act)

Notice. The defendant understands that the Court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of employment; and location of any school that defendant is attending. The defendant understands that such information must be updated not later than three business days after any change. A failure to comply with these and other obligations may subject the defendant to prosecution under federal law. The defendant acknowledges that one possible consequence of a guilty plea is that the Court may determine, after the completion of a sentence, that the defendant is a sexually dangerous offender and may commit the defendant to a medical facility for treatment.

-21-

28.   Civil Commitment as Sexually Dangerous Person.  The defendant has been advised, and understands, that pursuant to Section 4248 of Title 18 of the United States Code, the defendant faces potential civil commitment as a sexually dangerous person following the expiration of the defendant's term of imprisonment.  The defendant understands that potential civil commitment would be the subject of a separate proceeding.  The defendant further understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail, even if the consequence is indefinite civil commitment following the expiration of the defendant's term of imprisonment.

29.   Transfer of Case for Child Custody Determinations.  The defendant agrees to interpose no objection to the Government's transferring evidence or providing information concerning the defendant and/or this offense to other state or local authorities or

-22-

agencies for purpose of child custody proceedings relating to the
defendant.

## J.   **Appeal Waiver**

30.   <u>Appeal Waiver–Direct</u>.  The defendant is aware that Title
18, United States Code, Section 1291, affords a defendant the right to
appeal a judgment of conviction and sentence; and that Title 18, United
States Code, Section 3742(a), affords a defendant the right to appeal the
sentence imposed.  Acknowledging all of this, the defendant knowingly
waives the right to appeal the conviction and sentence, provided the
sentence imposed by the Court is within or below the applicable
guideline determined by the Court.  This waiver includes any and all
possible grounds for appeal, whether constitutional or non-
constitutional, including, but not limited to, the manner in which that
sentence was determined in light of *United States v. Booker*, 543 U.S.
220 (2005).  The defendant further acknowledges that this appeal
waiver is binding only upon the defendant and that the United States
retains its right to appeal in this case.

## K.  Other Provisions

31.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
Agreement shall bind any other United States Attorney's Office, state
prosecutor's office or federal, state or local law enforcement agency.

32.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to
pursue or initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently known to
the defendant, arising out of the investigation, prosecution or
cooperation covered by this Agreement, including but not limited to any
claims for attorneys' fees and other litigation expenses arising out of the
investigation and prosecution of this matter.  By the defendant's guilty
plea in this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith, had a
substantial basis in law and fact and was not vexatious.

33.  <u>Plea Agreement Serves Ends of Justice</u>.  The United States
is entering into this Plea Agreement with the defendant because this
disposition of the matter fairly and adequately addresses the gravity of
the series of offenses from which the charges are drawn, as well as the
defendant's role in such offenses, thereby serving the ends of justice.

34.   <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, specifically, the proposed plea agreement mailed to counsel on May 26, 2015.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

35.   <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., **July 17, 2015**, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

-25-

36.   <u>Required Signatures</u>.  None of the terms of this Agreement

shall be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant and

defense counsel and then signed by the United States Attorney or his

designee.

## ACKNOWLEDGMENTS

I have read this Agreement and carefully reviewed every part of it
with my attorney.  I fully understand it and I voluntarily agree to it.

July 17, 2015
Date

MICHAEL J. KMAN, JR.
Defendant

I am the defendant's counsel.  I have carefully reviewed every part
of this Agreement with the defendant.  To my knowledge my client's
decision to enter into this agreement is an informed and voluntary one.

July 23, 2015
Date

DANIEL M. MYSHIN, ESQUIRE
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

7/23/15
Date

By:
JOSEPH J. TERZ
ASSISTANT U.S. ATTORNEY

-26-

JJT:nl/USAO No. 2015R00082/July 14, 2015
VERSION DATE:  November 28, 2014